## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**ROBERT TRACEY WILLIAMS**                                                                  **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.  3:06cv578-DPJ-JCS**

**ANTONY VARAKSA, et al.**                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On October 30, 2006, an order was entered directing the Plaintiff to file a written response clarifying his claims, within 20 days. The Plaintiff was warned in this order, the notice of assignment and previous orders that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his complaint.  The envelope containing the order of October 30, 2006, was returned to this court with a notation to "return to sender."

Out of an abundance of caution, on December 13, 2006, an order was entered directing the Plaintiff to show cause, within 15 days, why this case should not be dismissed for his failure to comply with the Court's order of October 30, 2006.  In addition, the Plaintiff was directed to comply with the order of October 30, 2006, by filing a written response.  Once again, the envelope containing the order to show cause was returned with a notation to "return to sender - no longer here."

A review of the record also shows that the order of reassignment entered on February 14, 2007, was mailed to the Plaintiff at his last known address.  The envelope containing that order was also returned with a notation to "return to sender - no longer here."

The Plaintiff has failed to comply with two Court orders and he has also failed to provide this Court with a new address. It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since October 27, 2006. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 21^th day of March, 2007.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE